IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM F. HOLDNER and RANDAL W. HOLDNER,

                Plaintiff,

v.

RICK A. YARNALL, WAYNE GODARE, BRIAN D. LYNCH, JACK FISHER, ROBERT J. VANDEN BOS, and VANDEN BOS & CHAPMAN

                Defendants.

CV. 05-1961-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

        Plaintiffs William F. and Randal W. Holdner have filed suit against the trustees of William Holdner's bankruptcy estate, Rick A. Yarnall, Wayne Godare, Bryan D. Lynch, and Jack Fisher (Trustees) and William Holdner's former legal counsel Robert J. Vanden Bos and Vanden Bos and Chapman LLP (Attorneys). Because Plaintiffs are pro se litigants, the court will "make reasonable allowances...and... construe pro se papers and pleadings liberally." In Re Kashani,

190 B.R. 875, 883 (9th Cir. BAP 1995). In their complaint, Plaintiffs allege various acts of misrepresentation and improper conduct by the Trustees which this court reads as a claim for breach of fiduciary duty. Plaintiffs allege misconduct by the Attorneys which this court reads as a claim for legal malpractice.[1]

The Trustees have filed a motion to dismiss (No. 10). They argue this court lacks subject matter jurisdiction because the Plaintiffs failed to seek and be granted leave by the bankruptcy court to sue the Trustees outside of bankruptcy court. The Attorneys have also filed a motion to dismiss (No. 8). They argue this court lacks subject matter jurisdiction because the Plaintiffs' legal malpractice claim arises under state law, therefore no federal question jurisdiction exists under 28 U.S.C. § 1331. According to Plaintiffs, this court has original jurisdiction because both claims arise under the Federal Bankruptcy Act. 11 U.S.C. §§ 101- 1330. For the reasons set forth, the motions to dismiss should be granted.

## LEGAL STANDARD

A district court has original subject matter jurisdiction over all federal questions, which are "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. FRCP 12(b)(1) provides that a party may file a motion seeking dismissal for lack of subject matter jurisdiction. "Jurisdictional disputes regarding subject matter must be resolved before the court considers the merits. When a complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and

---

[1] All documents filed by the Plaintiffs state that William Holdner and Randal Holdner are the Plaintiffs. However, it is unclear from the allegations before this court what harm Randal Holdner has suffered as a result of the alleged acts. Because Plaintiffs are pro se litigants, for the purposes of these motions the court will assume Randal Holdner's injuries are the same as William Holdner's and will refer to them jointly as Plaintiffs.

Page 2 - FINDINGS AND RECOMMENDATION

construed in the light most favorable to the plaintiffs." Legacy Wireless Services, Inc. v. Human Capital, L.L.C., 314 F. Supp. 2d 1045, 1048 (D. Or. 2004).

## FACTUAL BACKGROUND

On January 27, 1999, Plaintiff William F. Holdner filed a Chapter 13 petition in United States Bankruptcy Court. The Defendant Trustees were appointed and approved by the bankruptcy court to administer William Holdner's Chapter 13 plan. The Defendant Attorneys were retained by William Holdner on May 17, 2000 to provide legal counsel with respect to his Chapter 13 plan.

The Plaintiffs allege that the Trustees, individually and jointly, conspired to withhold and manipulate information regarding the status of William Holdner's plan, that they made false representations to the court regarding the Plan, that they conspired with Patricia Holdner and her attorney to cause a miscarriage of justice, and that the Trustees' actions allowed Patricia Holdner to harass and interfere with William Holdner's business.[2] The Plaintiffs allege these acts by the Trustees in the administration of the plan amount to a breach of fiduciary duty.

The Plaintiffs allege that the Defendant Attorneys failed to file timely appeals to the bankruptcy court and made legal misrepresentations regarding the bankruptcy plan. The Plaintiffs allege these acts constitute legal malpractice.

## ANALYSIS

**I.   Breach of Fiduciary Duty Claim Against Trustees**

The Ninth Circuit has stated that "a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law." In Re

---

[2]The only description of Patricia Holdner states that she was a "non-creditor" of the bankruptcy estate. (Complaint, pg. 3)

Page 3 - FINDINGS AND RECOMMENDATION

Kashani, 190 B.R. 875, 883 (9th Cir. BAP 1995). However, the Supreme Court has held that "before a suit is brought against a receiver, leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 128 (1881). This rule has been interpreted by lower courts to apply to bankruptcy cases. Therefore, "[a] party must first obtain leave from the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." In Re Crown Vantage Inc., 421 F.3d 963, 970 (9th Cir. 2005).

      In Barton, the plaintiff, a passenger in a railroad car, was severely injured when the car was thrown from the tracks. The plaintiff alleged that her injuries were due to the negligence of the railroad company and sued the receiver of the company in a District of Columbia court. The receiver was appointed by a Virginia court to "run and operate" the railroad company. The Supreme Court held that "upon these facts...the District of Columbia had no jurisdiction to entertain a suit." Barton, 104 U.S. at 131. In support of this holding, the Court pointed to the fact that the receiver is administering property that has come under the appointing court's jurisdiction. If a plaintiff were to obtain a judgement against the receiver in a non-appointing court, the appointing court would be unable to prevent the plaintiff from recovering assets under its jurisdiction. This would render the appointing court "impotent" and be an unlawful and unacceptable usurping of its power. Id. at 128.

      In Crown Vantage, the plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the Northern District of California. The bankruptcy court approved a bankruptcy plan for the plaintiffs and appointed a trustee to administer the plan and liquidate the assets of the estate. Subsequently, the plaintiffs sued the trustee of their plan in a Delaware court. The Ninth

Circuit held that "all legal proceedings that affect the administration of the bankruptcy estate [must] be brought either in bankruptcy court or with leave of the bankruptcy court." Crown Vantage, 421 F.3d at 971. The court relied on Barton to support its holding, reasoning that "the trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy code." Id.

Here, Plaintiffs advance several arguments as to the propriety of the district court's jurisdiction. First, they argue that because a trustee is appointed by the United States Trustee System, Department of Justice, the Defendant Trustees are brought under the jurisdiction of the district court. This argument fails. Although the United States Trustee's Office appoints trustees, the bankruptcy court approves the process, thereby becoming the appointing court. Kashani, 190 B.R.at 883. Consequently, the Plaintiffs must obtain leave from the bankruptcy court to sue the Trustees.

Plaintiffs also argue that the allegations against the Trustees involve personal acts which were not committed in their official capacity and therefore the claims do not require leave from the bankruptcy court.[3] Although the Plaintiffs label the alleged violations the Trustees committed as "personal acts," they are in fact acts committed in their official capacity as trustees while administering William Holdner's estate. Because the allegations involve the Trustees conduct in their official capacities, the Plaintiff must obtain leave from the bankruptcy court.

The requirement that a plaintiff obtain leave from the appointing court to file suit against

---

[3]The Plaintiffs state, "... at issue here is the improper, illegal, and negligent conduct of the Trustee Defendants in the performance of their fiduciary duties." (Objection to Def. Motion to Dismiss, pg. 5. )

Page 5 - FINDINGS AND RECOMMENDATION

a trustee has a limited exception articulated in 28 U.S.C. § 959(a): "[t]rustees... may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with [the debtor's] property." The term "carrying on business" does not mean "[m]erely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate." Lurie v. Blackwell, 2000 U.S. App. LEXIS 3360 (9th Cir. 2000) (quoting DeLorean Motor Co. v. Weitzman, 991 F.2d 1236, 1241 (6th Cir. 1993)). This exception applies only when a trustee is operating a business and the claim involves the conduct of the trustee in that capacity. Crown Vantage, 421 F.3d at 971-972. For example, leave was not required under this exception in a tort action arising out of the operation of a railroad against the trustee of a railroad company. Valdes v. Feliciano, 267 F. 2d 91, 94-95 (1st Cir. 1959).[4] In the present case, the Trustees are not operating the Plaintiffs' business so the exception cannot apply.

Further, the Ninth Circuit has stated that "the breach of a fiduciary duty in the administration of the estate does not fall within the exception provided by 28 U.S.C. § 959(a)." Kashani, 190 B.R. at 884. Here, the Plaintiffs allege a breach of fiduciary duty by the Trustees in the administration of William Holdner's bankruptcy estate. Accordingly, the Plaintiffs must obtain leave from the bankruptcy court in order to sue the Trustees.

Because the Plaintiffs did not obtain leave from the bankruptcy court prior to filing suit, this court has no subject matter jurisdiction over their claims against the Trustees.

## II.     Legal Malpractice Claim Against Attorney

---

[4] It should be noted that 28 U.S.C. § 959(a) was passed in 1948, 67 years after the holding in Barton. Thus, even though Valdes contains facts similar to those found in Barton, the Valdes court found the trustee of the railroad company could be sued without leave from the bankruptcy court under the exception in Section 959(a).

Page 6 - FINDINGS AND RECOMMENDATION

Legal malpractice is a tort in this state governed by the Oregon Code of Professional Responsibility.  See Or. Code Prof. Resp. DR 6-101(B).  The Attorneys argue that this court does not have subject matter jurisdiction because the claim arises under state law.  The Plaintiffs contend that this court has jurisdiction because the state law claim of legal malpractice is preempted by the Federal Bankruptcy Act. To support this assertion, the Plaintiffs cite Dahl v. Rosenfeld, 316 F.3d 1074 (9th Cir. 2003).

In Dahl, the court held that a state law claim for malpractice which required the interpretation of a collective bargaining agreement was preempted by the Labor Management Relations Act.  Id. at 1077.  Dahl is distinguishable from the present situation because in that case the federal preemption of state law claims only applied in the narrow circumstances where a state law claim required interpretation of a collective bargaining agreement.  Id. at 1079. Further, the Labor Management Relations Act contained a provision which expressly stated that a federal forum exists in such situations. 29 U.S.C. §158(a).  Under such circumstances, the court held the Labor Management Relations Act preempted state jurisdiction.

The Federal Bankruptcy Act does not contain a similar preemption provision, nor is there a claim for legal malpractice under the Act. Because legal malpractice is a state law claim and no preemption exists, this court lacks subject matter jurisdiction.

/ / / /

/ / / /

## CONCLUSION

For the forgoing reasons, Defendants' Motions to Dismiss (Nos. 8 and 10) should be granted and a judgment should be prepared dismissing the action without prejudice.

Page 7 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any are due April 18, 2006.  If no objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 4th day of April, 2006.

     /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge